UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERIKA M BLOOMER,

    Plaintiff,

    v.

THOR MOTOR COACH INC,

    Defendant.

Case No. 3:23-CV-00771

## OPINION AND ORDER

Plaintiff Erika Bloomer purchased a recreational vehicle manufactured by Defendant Thor Motor Coach, Inc. Bloomer alleges that the RV has been riddled with a litany of defects, and that Thor has failed to repair the defects despite various repair opportunities.  Bloomer filed this action, alleging that Thor breached its express and implied warranties, breached its contract, and violated the Magnuson-Moss Warranty Act, 15 U.S.C. 2301 *et seq.*  Thor argues that Bloomer's claims are time barred, and that she fails to state a claim.  The Court agrees with Thor only in part, and partially grants and denies Thor's Motion to Dismiss.

## FACTUAL BACKGROUND

In April 2022, Bloomer, a Florida citizen, purchased a Thor RV from a Thor-authorized dealer in Florida.  [DE 1 at ¶¶ 5, 8, 12-13.]  It came with two separate warranties: a limited warranty, and a structural limited warranty. [DE 5-1.]  The 12-month limited warranty covers, with certain exclusions, "defects in workmanship performed and/or materials used to assemble those portions of your motorhome."  [*Id.* at 10, 12.]  Under its terms, any action for breach of the limited warranty must be commenced within 90 days after the limited warranty ends.  [*Id.* at 12.]  Further, "repairs and promises to repair do not extend the time when [Bloomer] must commence a breach of warranty claim and shall not extend the warranty coverage period," and the limited warranty does not "extend[] to future

performance." [*Id.* at 12-13.] The limited warranty also states a repair remedy and back-up remedy. [*Id.* at 13.]

The structural limited warranty covers only those defects "in materials and construction, including welds, of the frame structure of the exterior walls (excluding slideouts and ramp doors), roof, and floor." [*Id.* at 15.] The structural limited warranty's coverage is 12 years after Bloomer took delivery of the RV, or after 100,000 miles, whichever occurs first, and any claims and causes of action arising from the structural limited warranty must be commenced within 30 days after the structural limited warranty expires. [*Id.*]

Bloomer alleges that the RV came with various defects, including issues with the slide out, leaks behind the bed and shower, inoperative windows, toilet, and air conditioning, and loose door handles. [DE 1 at ¶ 17.] Bloomer also alleges a structural defect with the front cap loose and flexing. [*Id.*] Shortly after purchasing the RV, Bloomer took the RV to a Thor-authorized dealer for repairs on May 25, 2022. [*Id.* at ¶ 21.] Bloomer then returned the RV to a Thor-authorized dealer for additional repairs on November 14, 2022 and February 21, 2023. [*Id.* at ¶¶ 22-23.] Bloomer took the RV to the dealer again on March 20, 2023, where the RV has remained as of the date Bloomer filed the instant complaint on August 18, 2023. [*Id.* at ¶ 24.] Bloomer alleges that Thor stalled and delayed in initiating and completing repairs as an attempt to wait out the expiration of the statute of limitations period for breach of warranty of non-structural defects. [*Id.* at ¶ 29.] Bloomer asserts she exhausted both the repair remedy and the back-up remedies provided under the warranties. [*Id.* at ¶ 36.] Bloomer thus sued for damages allegedly suffered from Thor's failures to repair the defects, and brings claims that Thor breached its "express and/or implied warranties and/or warranty contract" and violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* [*Id.* at ¶¶ 37, 49.]

**STANDARD**

Thor has moved to dismiss all claims against it under Fed. R. Civ. P. 12(b)(6).  In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010).  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim must be plausible, not probable. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012).  Whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678)).

A statute of limitations defense is an affirmative defense; therefore, a complaint does not need to anticipate or plead against it. *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).  Dismissal under Rule 12(b)(6) based on a statute of limitations defense may still be "appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense." *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006).

Generally, when a party attaches evidence outside the pleadings in a motion to dismiss, "the court must either convert the 12(b)(6) motion into a motion for summary judgment under Rule 56 ... or exclude the documents attached to the motion to dismiss and continue under Rule 12." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (quoting *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998)). There is a narrow exception: "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's claim and are central to [her] claim. Such documents may be considered by a district court in ruling on the motion to dismiss."

3

*Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). This exception applies

particularly in cases of contractual interpretation. *Levenstein*, 164 F.3d at 347. The limited warranty,

structural limited warranty, and the parties' product warranty registration form appended to Thor's

Motion to Dismiss [DE 5-1 at 3-23; DE 5-2] are central to Bloomer's claims.[1] The Court may

therefore rely on the limited warranty, structural limited warranty, and the parties' product warranty

registration form [DE 5-1 at 3-17; DE 5-2] without converting this motion to one for summary

judgment. The Court excludes the Mark Stanley affidavit. [DE 5-1 at 1-2.]

## DISCUSSION

The Court must address several arguments raised in Thor's Motion to Dismiss. First, whether

the limited warranty's statute of limitations bars Bloomer's breach of the limited warranty claim.

Second, whether Bloomer plausibly alleges a breach of the structural limited warranty claim. Third,

whether Bloomer's breach of implied warranty claims are time-barred. Fourth, whether Bloomer

sufficiently pleads a breach of contract action. The Court addresses each in turn.

A. Breach of the limited warranty claim.

As a preliminary matter, the choice-of-law rules for Indiana, as the forum state, apply to this

case to determine which state's substantive law applies. *Jacobs v. Thor Motor Coach, Inc.*, 474 F. Supp.

3d 987, 992 (N.D. Ind. 2020). "Indiana choice of law doctrine favors contractual stipulations as to

governing law." *Allen v. Great Am. Rsrv. Ins. Co.*, 766 N.E.2d 1157, 1162 (Ind. 2002). The limited

warranty explicitly states in bold, capitalized letters that "[a]ny and all claims, controversies and causes

of action arising out of or relating to this limited warranty, whether sounding in contract, tort, or

statute, shall be governed by the laws of the state of Indiana, including its statute of limitations[.]"

[DE 5-1 at 13.] Even if the limited warranty did not have such language, the Court still finds that

---

[1] Bloomer does not dispute that her complaint specifically refers to the warranty, and that the Court may consider the warranty attached to Thor's Motion to Dismiss without converting the motion into a motion for summary judgment. [DE 6 at 6.]

Indiana law governs the statute of limitations question under a traditional choice of law analysis. *See Merchain v. Thor Motor Coach Inc.*, 577 F. Supp. 3d 886, 890-91 (N.D. Ind. 2021); *Jacobs*, 474 F. Supp. 3d at 992-93 (N.D. Ind. 2020).

Under Indiana law, a breach of warranty typically occurs at the time of delivery. Ind. Code § 26-1-2-725(2). There is an exception for when a warranty "explicitly extends to the future performance of goods and discovery of the breach must await the time for such performance," in which case a cause of action instead accrues when the breach is or should have been discovered. *Id.* The limited warranty, however, states it "is not a warranty that promises or extends to future performance[.]" [DE 5-1 at 13.] Therefore, the future performance exception does not apply, and any breach of the limited warranty action began to run on the date the RV was delivered.

A breach of warranty action must commence within four years after the cause of action has accrued, unless the parties contractually shorten the period of limitation to not less than one year. I.C. § 26-1-2-725(1). The parties here did just that, and reduced the limited warranty's period of limitation to 90 days after the 12-month warranty ends. [DE 5-1 at 12.] Bloomer alleges that on or about April 3, 2022, Bloomer and the dealer "entered into a consumer transaction" to purchase the RV [DE 1 at ¶ 13]. This would mean that the limited warranty ended on April 3, 2023, and Bloomer had to commence this lawsuit by July 3, 2023. However, Bloomer and the dealer's signed product warranty registration form states that the motorhome was delivered on April 14, 2022, [DE 5-2 at 23], which means the 12-month warranty ended on April 14, 2023, and 90 days from that date is July 13, 2023. The Court need not decide today whether the limited warranty's limitations period expired on July 3, 2023 or July 13, 2023 because it is undisputed that Bloomer filed her complaint after both dates.

But the question remains as to whether equitable estoppel or fraudulent concealment tolled the statute of limitations. Equitable estoppel requires Bloomer to show "1) a representation or concealment of a material fact; 2) made by a party with knowledge of the fact and with the intention

that the other party act upon it; 3) to a party ignorant of the fact; and 4) which induces the other party

to rely or act upon the fact to his detriment." *Caito Foods v. Keyes*, 799 N.E.2d 1200, 1202 (Ind. Ct.

App. 2003). Further, equitable estoppel "is typically linked to claims of fraudulent concealment, but

the doctrine also applies to other conduct that lulls a party into inaction" and "must be of a sufficient

affirmative character to prevent inquiry or to elude investigation or to mislead and hinder." *Kenworth*

*of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 383 (Ind. 2019) (emphases omitted) (quoting

*Paramo v. Edwards*, 563 N.E.2d 595, 599 (Ind. 1990)). Fraudulent concealment is also an equitable

doctrine under Indiana law that prevents a defendant from asserting a statute of limitations defense

when the defendant "by his own actions, prevents the plaintiff form obtaining the knowledge

necessary to pursue a claim." *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 56

N.E.3d 38, 45 (Ind. Ct. App. 2016). Indiana law "narrowly defines concealment." *Ludwig v. Ford Motor*

*Co.*, 510 N.E.2d 691, 697 (Ind. Ct. App. 1987). "There must be some trick or contrivance intended

by the defrauder to exclude suspicion and prevent inquiry." *Id.* "[T]he wrongdoer must have actively

concealed the cause of action and the plaintiff is charged with the responsibility of exercising due

diligence to discover the claims." *Alldredge v. Good Samaritan Home, Inc.*, 9 N.E.3d 1257, 1262 (Ind.

2014).

"As masters of their deal, parties may bargain for their respective contractual rights and

obligations, and they may include in their contracts specific tolling limitations." *Kenworth*, 134 N.E.3d

at 382-383. The limited warranty states "[u]nless prohibited by state or provincial law, repairs and

promises to repair do not extend the time when you must commence a breach of warranty claim and

shall not extend the warranty coverage period." [DE 5-1 at 12.] The Court gives this provision its

plain and ordinary meaning, *see AM Gen. LLC v. Armour*, 46 N.E. 3d 436, 440 (Ind. 2015), and finds

that the limited warranty precludes tolling on Thor's alleged representations to repair or promise to

repair the RV. This finding is also consistent with *Jacobs v. Thor Motor Coach*, 474 F. Supp. 3d 987, 997

6

(N.D. Ind. 2020) in which the Court found the warranty precluded equitable estoppel for repairs, but not promises to repair, because the warranty only stated that "repairs will not extend the time when you must commence a breach of warranty claim and shall not extend the warranty coverage period." Unlike the warranty in *Jacobs*, the limited warranty explicitly prevents tolling based on repairs and promises to repair.

But Bloomer also asserts that on or about June 22, 2023, before the July 2023 limitations expired, Thor "attempted to diagnose and repair the Front Cap Loose and Flexing (structural defect) again, and repairs are still not complete" and that "over the next month, unbeknownst to Plaintiff, Thor Motor Coach stalled and delayed in initiating and completing repairs, in an attempt to secretly wait out the expiration of the statute of limitations period for breach of warranty relating to non-structural defects, on July 13, 2023." [DE 1 at ¶¶ 28-29.] She also alleges that "[a]ll the while, Thor Motor Coach continued to promise to repair the RV under warranty, but taking no action to do so, with the intention of stalling and delaying and preventing Plaintiff from taking legal action with regards to the RV's non-structural defects prior to July 13, 2023. And, Plaintiff relied on Thor Motor Coach's continued promises." [*Id.* at ¶ 29.]

None of Thor's alleged actions rise to any affirmative misconduct that prevented Bloomer from suing in time, or obstructed Bloomer's ability to file suit, especially under circumstances such as here where the limited warranty explicitly says promises to repair do not extend the time to file suit. *See Shearer v. Thor Motor Coach*, No. 3:19-CV-965-PPS-MGG, 2021 WL 1089797, at *4 (Mar. 22, 2021) (allegations that Thor "stalled and delayed" insufficient to demonstrate tolling); *Logan v. Wilkins*, 644 F.3d 577, 582-583 (7th Cir. 2011) ("[I]f the facts pleaded in the complaint establish that a claim is time barred, as they do here, a bare allegation of fraudulent concealment, without more, will not save the claim."). Before the limitations period expired in July 2023, Bloomer took the RV to a dealer for repairs on or about May 25, 2022, November 14, 2022, February 21, 2023, and, most recently, on

March 20, 2023, where the RV has remained up until the filing the complaint on August 18, 2023. [*Id.* at ¶¶ 21-25.]  Bloomer has been in contact with the dealer since March 20, 2023 regarding the status of repairs, and was also in contact with the dealer on or about May 17, 2023 where the dealer allegedly "advised Plaintiff that the RV was still not repaired and that Thor Motor Coach was still evaluating how to repair the RV." [*Id.* at ¶¶ 25-26.]  In other words, by the time the statute of limitations period expired on either July 3, 2023 or July 13, 2023, the allegations as pled show that Bloomer was aware for over a year that the RV had various issues, took the RV to the dealer for repairs several times, and the RV had already been with the dealer for over three months.  There is a lack of factual allegations that Thor lulled Bloomer into inaction and prevented her from commencing this lawsuit before the limitations period expired, or that Thor induced Bloomer to delay bringing the action beyond the limitations period. *See Kenworth*, 134 N.E.3d at 383.  Rather, Thor's alleged actions prior to the expiration of the statute of limitations are of the sort that often prompt litigation.

Accordingly, because the complaint was filed outside the limited warranty's limitations period, and Bloomer cannot avoid the limitations period based on her express allegations here, Bloomer's breach of limited warranty claim is time-barred. *See Martin v. Thor Motor Coach*, 474 F. Supp. 3d 978, 987 (N.D. Ind. 2020).

B.  Breach of the structural limited warranty claim.

Thor moves to dismiss Bloomer's breach of the structural limited warranty, arguing that she fails to allege any defects covered by the warranty.  [DE 5 at 5.]   The structural limited warranty's coverage is longer than the limited warranty, and ends 12 years after delivery of the RV, or after the first 100,000 miles of use, whichever occurs first. [DE 5-1 at 15.]  Any claims or causes of action arising out of the structural limited warranty must be commenced within 30 days after the structural limited warranty ends.  [*Id.* at 15.]

Bloomer alleges that a Thor representative inspected the RV and recommended "structural repairs followed by a complete replacement of the RV's front cap," that those repairs failed, and that after attempts to reinstall the RV's front cap it "would not fit back on and the walls were still gapped." [*Id.* at ¶ 27.] On or about June 22, 2023, Thor and its authorized repair facility allegedly "attempted to diagnose and repair the Front Cap Loose and Flexing (structural defect) again, and repairs are still not complete." [*Id.* at ¶ 28.] Bloomer then asserts that on or about July 20, 2023, Bloomer requested an update and that Thor had "still not determined the appropriate next steps to repair the RV's Front Cap Loose and Flexing (structural defect)." [*Id.* at ¶ 30.]

The structural limited warranty, which covers defects distinct from those under the limited warranty, covers "only defects in materials and construction, including welds, of the frame structure of the exterior walls (excluding slideouts and ramp doors), roof, and floor." [DE 5-1 at 15.] Thor argues that a front cap does not concern the RV's frame structure, and points to the illustrations contained in the structural limited warranty. The structural limited warranty covers, but does not define, the "materials" and "construction" of the "frame structure." The illustrations contained in the structural limited warranty aren't helpful in determining whether front caps are part of the materials or construction of structure, and are only "examples of TMC structure depictions." [*Id.* at 17.] Given the ambiguous meaning of "materials" and "construction" as used in the structural limited warranty, and ambiguity in a contract is construed against its drafter, *MPACT Const. Grp., LLC v. Superior Concrete Constructors, Inc.*, 802 N.E.2d 901, 910 (Ind. 2004), Bloomer alleges enough for her claim that Thor violated its structural limited warranty by failing to repair the front caps to survive the Motion to Dismiss.

C. Breach of implied warranties claims.

Indiana recognizes two implied warranties—fitness for a particular purpose, and merchantability. Ind. Code §§ 26-1-2-314 and -315. Bloomer alleges that Thor breached its "implied

warranties." [DE 1 at ¶ 37.]  Bloomer alleges an implied warranty of fitness for a particular purpose claim by asserting that Thor "represented that the recreational vehicles it built were fit for the purpose for which they were designed, that they are safe and suitable vehicles for their intended designed use, reliably operable for private transportation, recreational use, and travel, and Plaintiff acquired the vehicle in reliance upon the belief that Defendant possessed a high degree of manufacturing skill and judgement." [*Id.* at ¶ 30.] She also alleges that Thor "represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such vehicles are designed and used" and that "the vehicle involved in this case was not, however, of merchantable quality." [*Id.* at ¶ 40.]

Thor does not argue that Bloomer fails to state a claim for breach of either the implied warranties.  Thor only argues that the implied warranties are time-barred. Under Indiana law, an express warranty may limit the duration of an implied warranty. I.C. § 26-1-2-316.  But under the MMWA, an express warranty cannot disclaim or modify an implied warranty.  15 U.S.C. § 2308(c); *Smith v. Nexus RVs, LLC*, 468 F. Supp. 3d 1012, 1024 (N.D. Ind. 2020); *Housley v. Thor Motor Coach Inc.*, 566 F. Supp. 3d 916, 919-920 (N.D. Ind. 2021).  Since an implied warranty is not limited in scope by an express warranty, a breach of implied warranty claim does not necessarily rise or fall with a breach of an express warranty claim. *See Andersen v. Thor Motor Coach, Inc.* 402 F. Supp. 3d 467, 481 (N.D. Ind. 2019)

As discussed, Bloomer and Thor entered into a 12-month limited warranty, and a 12-year structural limited warranty. The limited warranty does say in bold and capitalized letters that the "duration of any implied warranty of merchantability…is limited to the duration of the limited warranty."  [DE 5-1 at 10.]  The limited warranty also states the following: "Any claims and causes of action against TMC arising out of this limited warranty, purchase or operation of the motorhome,

including for…implied warranties…must be commenced not more than 90 days after the warranty ends." [*Id.* at 10, 12.]

But the structural limited warranty mirrors this language, and also states in bold and capitalized letters that "the duration of any implied warranty of merchantability…is limited to the duration of the structural and lamination limited warranty," and that "[a]ny claims and causes of action against TMC arising out of this limited warranty, purchase or operation of the motorhome, including for breach of…implied warranties…must be commenced not more than 30 days after the structural limited warranty ends." [*Id.* at 14-15.]

Thor does not explain why the statute of limitations on the implied warranty claims are limited in duration by the 12-month limited warranty.  Both the limited warranty and structural limited warranty limit the duration of a breach of implied warranty claim arising out of the purchase or operation of the motorhome; therefore, it is ambiguous as to whether, or if at all, Bloomer's implied warranty claims are limited in duration by the limited warranty or the structural limited warranty.

Since dismissal based on a statute of limitations defense is appropriate only if the complaint plainly reveals that an action is untimely, *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2004), the Court denies Thor's Motion to Dismiss the breach of implied warranty claims.

D.  Breach of contract claim.

Thor argues that under Indiana law and the UCC, only a breach of warranty claim is available to Bloomer, and she cannot bring a separate breach of contract action. [DE 5 at 6.]  Thor asserts that the UCC only affords a disappointed buyer two potential claims arising from product warranties under I.C. §§ 26-1-2-711 and -714.  The Court disagrees.

"Indiana requires at least minimally adequate remedies to the contracting parties." *Kenworth*, 134 N.E.3d at 379.  "Limitations of remedy are not favored in Indiana and are strictly construed against the seller on the basis of public policy." *Perry v. Gulf Stream Coach, Inc.*, 814 N.E.2d 634, 643

(Ind. Ct. App. 2004). In that spirit, the Indiana Supreme Court stated that "if a seller limits a buyer's exclusive remedy to repair or replacement and then incompetently repairs or replaces the defective good," then the buyer "should be able to enjoy the benefit of a bargained-for remedy" and "envision[s] the buyer vindicating that right through a breach-of-contract cause of action that alleges the remedy failed its essential purpose." *Kenworth*, 134 N.E.3d at 379 n.3. Further, such a cause of action would accrue when the breach occurred, which is when the seller's repair and replacement remedy failed its essential purpose. *Id.* While this footnote is *dicta*, the Court must give considered *dicta* weight. *In re Air Crash Disaster Near Chi.*, 701 F2d 1189, 1196 (7th Cir. 1983). In *Perry*, the court also permitted an independent cause of action under I.C. § 26-1-2-719(2) to proceed. 814 N.E. at 644. While *Perry* did not style it as a breach of contract action, the Indiana Supreme Court in *Kenworth* cited *Perry* in noting that a buyer could vindicate its rights through a breach of contract action. 134 N.E.3d at 379 n. 3.

The UCC also supports a separate cause of action for when a remedy fails of its essential purpose. "Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in IC 26-1." I.C. § 26-1-2-719(2). Remedies are to be liberally administered. I.C. § 26-1-1-106. "If the parties intend to conclude a contract for sale, they must accept the legal consequence that there be at least a fair quantum of remedy for breach of the obligations or duties outlined in the contract[.]" *Martin v. Thor Motor Coach Inc.*, 602 F. Supp. 3d 1087, 1096 (N.D. Ind. 2022) (emphasis omitted) (quoting I.C. § 26-1-2-719 official cmt. 1)).

Furthermore, the limited warranty and structural limited warranty does not foreclose a separate cause of action for when the remedies fail of its essential purpose, explicitly stating that the "repair remedy and the back-up remedy must both be exhausted and these remedies must fail to fulfill their essential purpose before you can seek **other legal or equitable remedies** for breach of this express warranty or for breach of any implied warranty." [DE 5-1 at 13, 17.] (emphasis added). In sum,

Indiana caselaw and the UCC support the conclusion that an aggrieved buyer can pursue a separate breach of contract action for when a warranty fails of its essential purpose.

Turning to the complaint, Bloomer alleges she has taken the RV to the repair shop about five separate times, for a total of about 178 days or more since it was purchased, and that she has unsuccessfully attempted to have repairs done by an independent repair shop and to negotiate diminished value damages with Thor. [DE 1 at ¶ 32.] Bloomer alleges that she gave notice to Thor about its failures to live up to its warranty, that the defects are incurable, that she has exhausted both the repair remedy and the back up remedy, and all remedies have failed of their essential purpose. [*Id.* at ¶¶ 34-36.]  The complaint thus plausibly states an independent breach of contract claim that the limited warranty's and structural limited warranty's remedies failed of their essential purpose.  The limitations period began to run when the warranties' remedies failed their essential purpose. *Kenworth*, 134 N.E.3d at 379 n.3; *Martin v. Thor Motor Coach, Inc.*, 474 F. Supp. 3d 978, 985 (N.D. Ind. 2020). Based on the allegations, the Court cannot determine the date when the cause of action accrued; therefore, the Court cannot say that on its face the claim is time-barred. *Xechem, Inc.*, 372 F.3d at 901. Therefore, the claim survives the Motion to Dismiss.

E.  The Magnusson-Moss Warranty Act claim.

The MMWA "does not provide an independent basis for liability; it only provides for federal jurisdiction for [the] state claims," therefore a MMWA claim rises and falls with the underlying state law claims. *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001); 15 U.S.C. § 2310(d). Since Bloomer's breach of the structural limited warranty, breach of implied warranties, and breach of contract claims survive Thor's Motion to Dismiss, her MMWA action also survives as to those claims.

**CONCLUSION**

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Thor's Motion to Dismiss. [DE 4.]  The Court dismisses, as time-barred, Bloomer's breach of the limited warranty claim.

Bloomer's claims for breach of the structural limited warranty, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, breach of contract for the warranties failing of their essential purpose, and violation of the Magnusson-Moss Warranty Act proceed.

SO ORDERED.

July 18, 2024

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT