UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIKA M BLOOMER, | |
| Plaintiff, | |
| v. | Case No. 3:23-CV-771-CCB-SJF |
| THOR MOTOR COACH INC, | |
| Defendant. | |

## **OPINION AND ORDER**

Pending before the Court is Defendant Thor Motor Coach Inc's ("Thor") Motion to Certify Question of Law to Indiana Supreme Court. (ECF 18). Thor moves the Court to certify two questions to the Indiana Supreme Court: (1) does Indiana law recognize a contract claim, separate from a breach of warranty, when a written warranty's exclusive remedies fail of their essential purpose; and (2) if so, when does this claim accrue for the statute of limitations. (*Id*.). For the reasons discussed below, the Court finds certification to the Indiana Supreme Court on these two questions unwarranted.

### BACKGROUND

Thor's motion follows the Court's Opinion and Order granting in part and denying in part Thor's motion to dismiss. (ECF 10). In the Court's Order, the Court held that Plaintiff Bloomer plausibly alleged an independent breach of contract claim arising from the limited warranty's and structural limited warranty's remedies allegedly failing of their essential purpose, and that the limitations period began to run when the warranties' remedies failed their essential purpose. (*Id*. at 13).

In reaching its conclusion, the Court relied in part on a footnote in the Indiana Supreme Court decision *Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E. 3d 370 (Ind. 2019). (ECF 10 at 11-13). In *Kenworth*, the Indiana Supreme Court stated that "if a seller limits a buyer's exclusive remedy to repair or replacement and then incompetently repairs or replaces the defective good (effectively resulting in a failure to perform), then the UCC gives the buyer a different remedy enforceable at law. "*Id.* (citations omitted). The Indiana Supreme Court continued that since the buyer "should be able to enjoy the benefit of a bargained-for remedy, we envision the buyer vindicating that right through a breach-of-contract cause of action that alleges the remedy failed its essential purpose. Such a cause of action would accrue when the breached occurred, that is, when the seller's repair and replacement remedy failed its essential purposes." *Id.*

After *Kenworth*, the Court certified *sua sponte* the exact same two questions proposed by Thor in *Martin v. Thor Motor Coach Inc. See* Case No. 3:20-CV-13 DRL-MGG, 2021 WL 4453738, at *6 (N.D. Ind. Sept. 29, 2021). The Indiana Supreme Court declined to answer the certified questions, so the Court—following a thorough analysis by Judge Damon R. Leichty—held that Indiana law recognizes an independent breach of contract claim arising from a warranty failing of its essential purpose, and that the limitations period begins when the warranty's remedies fail of their essential purpose. *Martin v. Thor Motor Coach, Inc.*, 602 F. Supp. 3d 1087, 1097-98 (N.D. Ind. 2022); *see also* ECF 19-1.

ANALYSIS

The Court may certify the question to the Indiana Supreme Court pursuant to Seventh Circuit Rule 52, which states:

> When the rules of the highest court of a state provide for certification to that court by a federal court of questions arising under the laws of that state which will control the outcome of a case pending in the federal court, this court, sua sponte or on motion of a party, may certify such a question to the state court in accordance with the rules of that court, and may stay the case in this court to await the state court's decision of the question certified.

7th Cir. R. 52(a).

Under Rule 64 of the Indiana Rules of Appellate Procedure, a federal district court may certify a question "when it appears to the federal court that a proceeding presents an issue of state law that is determinative of the case and on which there is no clear controlling Indiana precedent." Ind. R. of App. P. 64. However, "even if there is no clear guidance from a state court, and a case technically meets the standards for certification, certification is neither mandated nor always necessary." *Brown v. Argosy Gaming Co., L.P.*, 384 F.3d 413, 417 (7th Cir. 2004). Whether to grant or deny a motion to certify a question of state law is at the discretion of the district court. *United Farm Bureau Mut. Ins. Co. v. Metro. Hum. Rels. Comm'n*, 24 F.3d 1008, 1015 (7th Cir. 1994) (citation omitted).

While arguably there is not a "clear controlling Indiana precedent" on the questions at issue here, if "there is no disagreement between the intermediate appellate courts and the issue is likely to recur frequently in state courts, giving the state supreme court ample opportunity to revisit the subject, certification is unnecessary." *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 673 (7th Cir. 2001) (quotations and citation

3

omitted). There is no disagreement between the intermediate appellate courts on this issue and, as Thor acknowledges, these questions are likely to recur in other cases.

Nor is the Court "genuinely uncertain" about how the Indiana Supreme Court would resolve these questions. *See State Farm*, 275 F.3d at 671-72 ("The most important consideration guiding the exercise of this discretion is whether the reviewing court finds itself genuinely uncertain about a question of state law that is vital to a correct disposition of the case."). While there is the risk that the Indiana Supreme Court may one day reach a different conclusion on these issues, that "ever-present possibility is not sufficient to warrant certification." *Id*. at 672 (7th Cir. 2001).

Thor asks the Court to "give the Indiana Supreme Court an opportunity to weigh in on these novel questions." (ECF 23 at 11). But the Indiana Supreme Court already had the opportunity to address these exact two questions less than four years ago, and chose not to. The Seventh Circuit has also recognized that a party seeking certification must also "overcome [the court's] hesitancy to utilize the certification process with its incumbent costs to the litigants and the state court system." *Brown*, 384 F.3d at 417. The Court therefore declines to impose additional costs to the litigants and the Indiana court system by certifying these two questions to the Indiana Supreme Court for a second time in less than four years.

## Conclusion

For the foregoing reasons, the Court **DENIES** Thor's motion to certify questions to the Indiana Supreme Court (ECF 18).

4

SO ORDERED.

January 31, 2025

                                                   /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT