### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

ERIKA M BLOOMER,

Plaintiff,

v.

THOR MOTOR COACH INC,

Defendant.

CASE NO. 3:23-CV-771-CCB-SJF

### OPINION and ORDER

Before the Court is a Motion for More Definite Statement filed by Defendant Thor Motor Coach, Inc. ("Thor"). For the reasons stated below, Thor's motion is denied.

### I.    Background

Plaintiff Erika Bloomer filed this case on August 18, 2023, alleging that Thor failed to address multiple defects with Bloomer's recreational vehicle ("RV") despite Bloomer presenting the RV to Thor for repair several times. [DE 1 at 1, ¶1]. Thor moved to dismiss Bloomer's case on September 29, 2023, maintaining that her lawsuit was time barred under the statute of limitations. [DE 5]. The Court granted Thor's motion in part, dismissing Bloomer's breach of the limited warranty claim as time barred but finding that Bloomer's remaining claims would proceed—her "claims for breach of the structural limited warranty, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, breach of contract for the warranties failing of their essential purpose, and violation of the Magnusson-Moss Warranty Act." [DE 10 at 14].

In response to the Court's order, Thor filed a partial answer along with a motion for more definite statement. [DE 11, DE 13]. Thor's motion for more definite statement challenges only Bloomer's claim for "breach of contract for the warranties failing of their essential purpose." [DE 12 at 2].  Thor maintains that it cannot reasonably respond to Bloomer's "breach of contract" claim until it obtains "more detail about what 'contract' Bloomer alleges [Thor] breached" and because "[i]t is unclear if such a claim is independent of Bloomer's other claims." [*Id.* at 2]. In support of its motion, Thor points to the Court's opinion and order denying its motion to dismiss, explaining that, even though the Court found that "Plaintiff's complaint 'plausibly states an *independent* breach of contract claim,'" it "may be that the court read more into Bloomer's complaint than Bloomer intended." [*Id.* at 3 (emphasis in motion)]. Thor maintains that Bloomer only alleged breach of contract together with breach of the limited warranty, using the phrase "and/or" each time, and that she may not have intended to allege an independent contract claim at all. In response, Bloomer contends that Thor's motion is a "veiled attempt to ask this Court to reconsider its Opinion and Order" on the motion to dismiss. Bloomer further maintains that Indiana law and the UCC allow a buyer to raise a claim for breach of contract where a warranty fails of its essential purpose, and that she has sufficiently pled such a claim here. [DE 15 at 5].

The parties' briefing on Thor's motion for more definite statement prompted Thor to file a Motion to Certify Questions of Law to Indiana Supreme Court on September 10, 2024. In this motion [DE 18], Thor asked the Court to certify two questions of law implicated in the instant motion:

I. Does Indiana law recognize a contract claim, separate from a breach of warranty, when a written warranty's exclusive remedies fail of their essential purpose?

II. If so, when does this claim accrue for the statute of limitations?

The Court denied Thor's motion to certify in an opinion and order entered on January 31, 2025. The Court observed that these same questions had been certified before in *Martin v. Thor Motor Coach, Inc.*, No. 3:20-CV-13-DRL-MGG, 2021 WL 4453738 (N.D. Ind. Sept. 29, 2021), but the Indiana Supreme Court declined to answer them. [*See* DE 24]. After the *Martin* case returned to this Court, the Court then decided this question by holding that "Indiana law recognizes, as an independent claim, the right to pursue a UCC-based remedy when the written warranty's remedies fail their essential purpose, and that this claim accrues under Indiana law when the breach occurs (that is, when the remedies so fail)." 602 F. Supp. 3d 1087, 1091 (N.D. Ind. 2022). In denying Thor's motion to certify here, the Court, citing to *Martin*, found "that Indiana law recognizes an independent breach of contract claim arising from a warranty failing of its essential purpose, and that the limitations period begins when the warranty's remedies fail of their essential purpose." [DE 24 citing *Martin v. Thor Motor Coach, Inc.*, 602 F. Supp. 3d at 1097-98].

With Thor's Motion to Certify now denied, the Court turns to its Motion for More Definite Statement.

## II.    Discussion

Thor's instant motion invokes Rule 12(e) of the Federal Rules of Civil Procedure, which provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). In considering whether to grant a Rule 12(e) motion, this Court takes its guidance from the federal pleading requirements. Per Federal Rule of Civil Procedure 8(a), a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] pleading in federal court does not need to plead all the elements of a legal theory and facts corresponding to each." *Signature Flight Support LLC v. Johnson Controls, Inc.*, No. 24-C-0845, 2024 WL 5132095, at *3 (E.D. Wis. Dec. 16, 2024) (citing *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017)). Moreover, "[r]ule 12(e) motions are generally disfavored," and are generally granted "only when the pleading is so unintelligible that the movant cannot draft a responsive pleading." *Shorewood Forest Utilities Inc. v. McMahon Assocs. Inc.*, No. 2:19-CV-241-PPS-JEM, 2020 WL 3618789, at *2 (N.D. Ind. July 2, 2020)(quoting *United States for Use of Argyle Cut Stone Co. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 303 (N.D. Ill. 1987)).

Still, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must also provide enough details about the case to present a story that holds together. *Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010). Thus, "the Rule 12(e) motion . . . is perhaps the best procedural tool available . . . to obtain the factual basis underlying a plaintiff's claim for relief." *Reed v. Palmer*, 906 F.3d 540, 554 (7th Cir. 2018).

Before considering the substance of Thor's motion, however, the Court must look at its procedural posture. Under Fed. R. Civ. P. 12(g)(2),"a party that makes a motion under [Rule 12] must not make any other motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). "This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case." *See* Fed. R. Civ. P. 12 advisory committee's note to 1966 amendment. Here, Thor filed the instant motion for more definite statement after this Court ruled on Thor's previously filed Rule 12(b)(6) Motion to Dismiss. Rule 12(g)(2)'s bar on consecutive motions filed under Rule 12 includes any motions for more definite statement filed under Rule 12(e). *See, e.g., YETI Coolers, LLC v. Walmart Inc.,* No. A-17-CV-1145-RP, 2018 WL 5304119, at *3 (W.D. Tex. Oct. 25, 2018); *see also Target Media Partners v. Specialty Mktg. Corp.,* No. 1:14-CV-00865-HGD, 2015 WL 1061140, at *2 (N.D. Ala. Mar. 11, 2015) ("Rule 12(g)(2)'s successive Rule 12 prohibition applies to a motion for a more definite statement.").

Whether Thor's motion is considered procedurally barred under Rule 12(g)(2) depends on whether its objections under Rule 12(e) were available, but omitted, from its Rule 12(b)(6) motion. As stated, Thor now contends that it needs "more detail about what 'contract' Bloomer alleges [Thor] breached" and because "[i]t is unclear if such a claim is independent of Bloomer's other claims." [DE 12 at 2]. But, in its motion to dismiss, Thor directly addressed this claim, acknowledging that it was "aware of a[] . . . legal theory suggesting that consumers who wait too long to pursue their warranty claims could have more time to bring a separate 'breach of contract' action." [DE 5 at 5-

6]. But Thor did not allege that Bloomer's complaint was unclear regarding whether she intended to raise an independent breach of contract claim, or, that if Bloomer did intend to do so, it must be based on an independent contract. Rather, Thor contended in its motion to dismiss that this was an "underdeveloped legal theory" and that breach of warranty is the only type of claim that Bloomer can pursue here. [DE 5 at 5-6]. Based on this, Court can only find that the breach of contract arguments raised in the instant motion were available when Thor moved to dismiss but that Thor omitted them in lieu of another argument. Thus, the Court can only consider the motion procedurally barred.

Even considering the substance of Thor's arguments, however, the Court finds them unavailing. As stated, Thor contends that because Bloomer's allegations of "breach of contract" are mixed with her "breach of warranty" claims, it cannot determine whether Bloomer intended to plead to a separate contract claim or what independent contract she might be referring to. But Thor's briefing on its motion to certify suggests that its concerns are a question of law—specifically, whether Indiana law "recognizes a new cause of action." [DE 23]. Without more, it does not appear that Thor is using the motion to obtain the "factual basis" underlying Bloomer's claims. *Reed v. Palmer*, 906 F.3d 540, 554 (7th Cir. 2018). Moreover, to the extent it may have been unclear, this Court, in denying Thor's motion to certify, observed that "Indiana law recognizes an independent breach of contract claim arising from a warranty failing of its essential purpose, and that the limitations period begins when the warranty's remedies fail of their essential purpose." [DE 24; *see also* DE 10 at 3]. Thus, the Court

cannot find that Bloomer's pleading is "so unintelligible that [Thor] cannot draft a responsive pleading" here. *Shorewood Forest Utilities Inc., 2020 WL 3618789*, at *2. Thus, Thor's motion must be denied for these reasons as well.

### III.    Conclusion

For these reasons, the Court now **DENIES** Thor's Motion for More Definite Statement. [DE 11]. Defendant is **ORDERED** to file an amended answer to Plaintiff's complaint on or before **February 19, 2025**, so that this Court can proceed with setting a Preliminary Pretrial Conference under Fed. R. Civ. P. 16(b).

**SO ORDERED** this 5th day of February 2025.

s/Scott J. Frankel
_____
Scott J. Frankel
United States Magistrate Judge